UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JELISSA HEIDENRICH,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 4:21-CV-404-RDP |
| } | |
| **KILOLO KIJAKAZI, Acting** } | |
| **Commissioner of the Social Security** } | |
| **Administration,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OF DECISION

Plaintiff Jelissa Heidenrich brings this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her claims for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). *See* 42 U.S.C. §§ 405(g) and 1383(c). Based on the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.     Proceedings Below**

On July 29, 2018, Plaintiff filed applications for disability, DIB, and SSI, alleging a period of disability beginning on July 4, 2017. (Tr. 792). Plaintiff's applications were initially denied by the Social Security Administration on November 16, 2018. (Tr. 832, 833). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 845-847). Plaintiff's request was granted, and on June 18, 2020 a hearing was held before ALJ Scott Shimer. (Tr. 36-63). Plaintiff, her counsel, and vocational expert ("VE") Lisa Courtney attended the hearing. (*Id.*). On August

11, 2020, the ALJ issued an unfavorable ruling, finding that Plaintiff had not been disabled within the meaning of §§ 216(i), 223(d), and 1614(a)(3)(A) of the Act between July 4, 2017 and the date of the decision. (Tr. 17-28). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner and ripe for judicial review under 42 U.S.C. §§ 405(g) and 1383(c). (Tr. 1-2).

**II.    Facts**

At the time of the hearing, Plaintiff was twenty-nine years old and had obtained a GED. (Tr. 994). Plaintiff had previous work experience as a hotel receptionist and convenience store clerk. (Tr. 808). Plaintiff alleges she has been disabled since July 4, 2017 after an assault by her boyfriend which resulted in reflex sympathetic dystrophy syndrome. (Tr. 1904). Plaintiff also testified she experiences foot, ankle, leg, and back pain, and that she is confined to a wheelchair part-time. (Tr. 51). Plaintiff further testified she has mental health problems, including depression and anxiety. (Tr. 53, 83-111). Plaintiff has been a diagnosed diabetic since 2000 and was diagnosed with thyroid cancer in December 2010. (Tr. 50, 198). Plaintiff testified she "spend[s her…] days puking and in a lot of pain" and cannot "go anywhere" because she cannot travel. (Tr. 53-54).

Throughout her purported disability period, Plaintiff received treatment from various primary care providers. On July 4, 2017, Plaintiff presented at Northeast Alabama RMC, claiming foot and ankle pain after an assault by her boyfriend. (Tr. 1904). The physician confirmed that Plaintiff had tenderness in her foot and ankle and diagnosed her with reflex sympathetic dystrophy, but her motor strength, gait, and range of motion were all in good, normal condition. (Tr. 1905).

On October 30, 2017, Plaintiff presented at Stringfellow Hospital, complaining of high blood sugar, nausea, vomiting, and diarrhea. (Tr. 1537). The physician determined that Plaintiff

experienced a hyperglycemic episode. (*Id.*). Plaintiff was medicated, which resulted in noted improvement by the physician. (*Id.*).

On April 24, 2018, Plaintiff presented at Anniston Medical Clinic for a recheck of her diabetes and made complaints pertaining to thyroid cancer. (Tr. 113). Over the next months, she appeared at that facility multiple times with the same complaints until September 9, 2019. (Tr. 113). On October 27, 2020 Plaintiff presented again at Anniston Medical Clinic complaining of stomach pain and was diagnosed with gastroparalysis. (Tr. 113).

On October 2, 2018, Plaintiff presented at Alabama Anesthesiology and Pain Consultants, citing back, foot, and ankle pain. (Tr. 749-752). Dr. Corey Gilliland diagnosed Plaintiff with back pain, bilateral leg pain, foot pain, chronic pain syndrome, and chronic opioid dependency. (Tr. 751). On February 24, 2020, Dr. Jessica Marshman diagnosed Plaintiff with fibromyalgia, a lumbar radiculopathy secondary to disk extrusion, right ankle and foot pain, chronic pain syndrome, and chronic prescription opiate use. (Tr. 674). Plaintiff continued to present for routine monthly check-ups for the same issues until May 20, 2020. (Tr. 659-773).

On June 12, 2019, Plaintiff presented at Citizens Baptist Medical Center for emergency treatment after an automobile accident. (Tr. 472-478). Dr. Malachy Ijemere administered various medications to Plaintiff, as well as provided her with back-strain care and post-car-accident care instructions. (Tr. 474-477). Plaintiff presented again at the same facility on December 26, 2019 for what is listed as a "hospital encounter." (Tr. 343).

On April 22, 2020, Plaintiff presented at Anniston Digestive Health, complaining of stomach pain, nausea, and vomiting. Plaintiff continued to visit this same facility twice a month until June 22, 2020, when Dr. Mohamadali Eloubeidi found that Plaintiff had moderate

hemorrhoids but otherwise no abnormalities. (Tr. 1959). Dr. Eloubeidi suggested that Plaintiff begin a high fiber diet and repeat a colonoscopy in five years. (Tr. 1960).

On July 28, 2020, Plaintiff presented at Maddox Pain Management, complaining of lower back and leg pain. (Tr. 268). Dr. Hugh Maddox diagnosed Plaintiff with "degenerative disc disease of the lumbar spine [and] thoracic spine at T12-L1." (Tr. 269). Plaintiff presented multiple times at the same facility seeking medication for the same issues. (Tr. 263-269). Dr. Maddox prescribed Plaintiff medication. (Tr. 267). During a visit on August 25, 2020 she stated the prescription made her "much more functional and active […] than what she was on previously." (*Id.*).

On August 11, 2020, the day of her hearing with the ALJ, Plaintiff presented at River Region Psychiatry Associates for an initial mental health appointment. (Tr. 83). Dr. Jerusha McClendon diagnosed Plaintiff with major depression, acute anxiety, and acute post-traumatic stress disorder. (*Id.*). Plaintiff continued to present multiple times for therapy each month until November 23, 2020. (Tr. 83-111).

### III.   ALJ Decision

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as activity that is both "substantial" and "gainful." 20 C.F.R. § 1572. "Substantial" work activity is work that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful" work activity is work that is done for pay or profit. 20 C.F.R. § 404.1572(b). If the ALJ finds that the claimant engages in activity that meets both of these criteria, then the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform

basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, the claimant is declared disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled. *Id.* If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(a)(4)(v). In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

Here, the ALJ determined Plaintiff met the insured status requirements of the Act and had not engaged in substantial gainful activity since her alleged onset date of disability. (Tr. 20). The ALJ further determined that Plaintiff has two severe impairments which significantly limit her ability to perform basic occupational activities: reflex sympathetic dystrophy syndrome ("RSD") and diabetes mellitus. (*Id.*). However, the ALJ found that Plaintiff does not have an impairment or

combination of impairments which actually or functionally equals one of the listed impairments. (Tr. 21). As for Plaintiff's secondary alleged ailments -- carpal tunnel syndrome, adhesive capsulitis in the shoulder, and depression -- the ALJ deemed those ailments non-severe because they minimally limit her activity. (Tr. 20). The ALJ noted that Plaintiff did not seek mental health treatment for her alleged depression for three years, despite having the necessary resources to do so. (*Id.*). Furthermore, the ALJ noted that Plaintiff presented with no signs or symptoms of serious mental health issues. (*Id.*). Finally, the ALJ established that the medical record did not provide adequate evidence to substantiate Plaintiff's claims regarding back pain. (Tr. 21).

The ALJ determined that Plaintiff possessed the requisite RFC to perform light work with the following limitations:

> lift 20 pounds occasionally, 10 pounds frequently; stand and walk for 4 hours of an 8-hour workday, sit for 6 hours of an 8-hour workday; occasionally balance, stoop, and walk ramps/stairs; never kneel, crouch, crawl, or climb ladders, ropes, or scaffolds; avoid operating a motor vehicle; avoid concentrated exposure to temperature extremes and vibration; avoid all exposure to working at unprotected heights or around unguarded moving machinery; should not be required to walk on rough or uneven surfaces other than occasional ramps/stairs.

(Tr. 21-22). The ALJ concluded that Plaintiff can perform her past work as a hotel receptionist or new work as a packing operator, bench worker, or inspector. (Tr. 60-61).

## IV.     Plaintiff's Argument for Remand or Reversal

Plaintiff presents three arguments for reversing the decision of the ALJ: (1) that the Appeals Council improperly denied her request for review of additional evidence submitted after the ALJ's decision on August 11, 2020; (2) that the ALJ failed to develop a full and fair record; and (3) that the Appeals Council did not make their decision based on substantial evidence. (*Id.*).

**V.     Standard of Review**

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

**VI.    Discussion**

The court addresses each of Plaintiff's arguments in turn.

### A. The Appeals Council Properly Denied Plaintiff's Request for Review of Additional Evidence.

The Appeals Council must review additional evidence offered by a claimant if the evidence relates to the period on or before the ALJ's hearing decision and there is a reasonable probability that the evidence would change the outcome of the decision. *See* 20 C.F.R. § 404.970(a)(5); *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1262 (11th Cir. 2007). Specifically, that information must be new, material, and chronologically relevant. (*Id.*). New evidence is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b); *Ingram*, 496 F.3d at 1261; *see also Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) (noting the issue in a matter involving disability is whether a claimant was "entitled to benefits during a specific period of time, which was necessarily prior to the date of the ALJ's decision"). Evidence is considered "material" if a reasonable probability exists that the evidence would change the administrative decision. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015). In reviewing the Appeals Council's decision, the district court must consider the entire record, including the additional evidence, to determine "whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496, F.3d at 1266-267.

#### 1. Various new submissions were not material because they did not show a reasonable probability that the evidence would change the outcome of the administrative decision.

Plaintiff submitted to the Appeals Council supplementary medical records from various facilities. The records were "new" because the first group of submissions[1] were relevant to the period at issue – *i.e.*, the period between her purported disability onset date and August 11, 2020

---

[1] The Appeals Council deemed the following records from Plaintiff immaterial: Anniston Medical Clinic dated September 20, 2010 through April 27, 2020; River Region Psychiatry Associates dated August 11, 2020; Alabama Anesthesiology and Pain Consultants dated October 2, 2018 through May 20, 2020; Citizens Baptist Medical Center dated October 25, 2018 through March 14, 2020; and Maddox Pain Management dated July 28, 2020.

8

(the date of the ALJ's decision). (*Id.*). The question, then, is whether this new evidence showed a reasonable probability of changing the outcome of the ALJ's decision. *Washington v. Soc. Sec. Admin*, 806 F.3d at 1321.

The Appeals Council determined "this evidence does not show a reasonable probability that it would change the outcome of the decision." (Tr. 2). Plaintiff argues that explanation is insufficient. But Plaintiff has not explained how or why. That is, she has not presented any argument that the Appeals Council erred or why there is a reasonable probability that the new evidence would change the ALJ's decision. Plaintiff simply states, in conclusory terms, the Appeals Council was wrong. That does not move the needle. *See Mansfield v. Astrue*, 395 F. App'x. 528, 530 (11th Cir. 2010) (rejecting Plaintiff's argument that Appeals Council was required to explain in non-conclusory terms why additional evidence would have changed the ALJ's decision, instead finding that the Appeals Council's statement of consideration of new evidence was sufficient). The Appeals Council is not obligated to "give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision." *Mitchell v. Comm'r Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014). In this context, the Appeals Council's simple explanation, comparable to that in *Mitchell*, is sufficient because "the record [does] not provide a basis for doubting the Appeals Council's statement that it considered [… the] additional evidence." *Id.* at 783-84.

### 2. Some of the new submissions were incorrectly discounted as chronologically irrelevant even though they related back to Plaintiff's pre-decision ailments; however, this error was harmless.

The Appeals Council denied review of other medical records,[2] concluding that the records were not chronologically relevant. As noted above, new evidence must relate to the claimed period of disability, which includes information prior to or on the date of the ALJ's decision. 20 C.F.R. § 404.970(b). In this case, that date is August 11, 2020. (Tr. 14). The court has questions about the accuracy of the Appeals Council's conclusion that the records were not chronologically relevant. But, even putting those concerns aside, any such error was harmless. *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (concluding error made by Appeals Council is harmless when the outcome of the decision is not likely to change the ALJ's ultimate findings).

The new submissions from Anniston Medical Clinic, dated October 27, 2020, appear to relate back to the alleged disability period because they primarily discuss Plaintiff's ailments before the decision date. Nevertheless, Plaintiff was not entitled to have her appeal sent back to the ALJ because the ALJ had already analyzed those conditions. And nothing in the record suggests that if they had been considered by the ALJ the result would have been different. Thus, although that new evidence was chronologically relevant, it lacked a reasonable probability of changing the outcome of the decision.

The same is true for Plaintiff's submissions from Maddox Pain Management, dated August 25, 2020 through October 20, 2020, which relate to her claims of back pain presented throughout the record and alleged disability period. These office notes from Dr. Maddox show that Plaintiff has a degenerative disc disease in two places on her spine. (Tr. 265-267). Again, although the

---

[2] The Appeals Council deemed the following records from Plaintiff not chronologically relevant: Anniston Medical Clinic dated October 27, 2020; River Region Psychiatry Associates dated September 8, 2020 through November 23, 2020; and Maddox Pain Management dated August 25, 2020 through October 20, 2020.

substantive information contained in these three documents is chronologically relevant, the records do not create a reasonable probability of changing the outcome of the administrative decision.

Finally, the documents from River Region Psychiatry discuss Plaintiff's severe depression and a history of mental health issues. Once again, though chronologically relevant, these documents address ailments that were already analyzed by the ALJ. This "new evidence" is unlikely to change the outcome of that decision.

The Appeals Council incorrectly determined some of the additional evidence was not chronologically relevant. But, again, this was harmless.

### 3. Plaintiff abandoned claims by failing to develop an argument or evidence.

Despite her assertions that the new submissions would change the outcome of the ALJ's decision or relate to her disability period, Plaintiff failed to develop any argument to support that claim. (Doc. # 11 at 20-25). Plaintiff has merely stated -- and, to be clear, it was stated in an argument heading -- that the submissions to the Appeals Council are new, material, and chronologically relevant. (Doc. #11 at 20). Although Plaintiff cites Eleventh Circuit cases holding that additional evidence obtained after the ALJ's decision *may* be considered by the Appeals Council (*see Washington*, 806 F.3d at 1317; *Hunter*, 705 F. App'x. at 935), she has not explained why the additional evidence in this case *should* have been considered by the Appeals Council. (Doc. #10 at 32-33).

Because Plaintiff did not make specific arguments to this court in relation to this question, she has abandoned the claim that new evidence was material and chronologically relevant as § 404.970 requires. *See Bailey v. Soc. Sec. Admin., Comm'r*, 782 F. App'x. 838, 845 (11th Cir. 2019) (holding that a claimant who failed to explain why medical records were chronologically relevant had not shown that the Appeals Council erroneously refused to consider the records and, therefore,

was not entitled to a remand). *See also Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant[…] simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue[…] and precludes our considering the issue […]").

### B. The ALJ Developed a Full and Fair Record.

An ALJ is obligated to explore all relevant facts to develop a full and fair record. *Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988). This process includes giving "individualized consideration to each claim." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). As Plaintiff notes, "when the evidence in the record is sufficient to support the ALJ's determination, the ALJ does not have a duty to obtain additional medical evidence." (Doc. # 11 at 26) (citing *Lindsey v. Comm'r of Soc. Sec.*, 741 F. App'x. 705, 710 (11th Cir. 2019)). If a claimant wishes to submit new evidence, the burden of providing the evidence is on the claimant alone. *Id.* Here, after careful review, the court concludes the ALJ fulfilled his obligation to develop a full and fair record.

One marked example of the ALJ doing so in this case relates to the fact that he left the record open for Plaintiff to submit additional evidence after realizing over eighteen months of medical history and records were missing.[3] (Tr. 47, 57). Another example of the ALJ fulfilling his obligation is his explanation for denying the claim. The ALJ went into great detail discussing the insufficiency of each claimed ailment. (Tr. 17-27). The ALJ gave Plaintiff every opportunity to substantiate her claims. Therefore, the court concludes that the ALJ fulfilled his obligation to develop a full and fair record given all evidence provided.

---

[3] Inexplicably, Plaintiff asserts that the ALJ did not keep the record open but provides no evidence or explanation to support this claim. (Doc. # 11 at 26).

12

     **C.**     **The ALJ's Decision Was Based on Substantial Evidence.**

Plaintiff's final argument is that the ALJ's decision was not based on substantial evidence in light of the evidence submitted to the Appeals Council. But, again, Plaintiff offers nothing more than a bare assertion that the ALJ did not base his decision on substantial evidence. The court recognizes that the ALJ could not consider evidence that had not yet been presented at the time of the hearing. For this reason, Plaintiff's comparison of the ALJ decision to that of the Appeals Council is decidedly lacking. As for the ALJ's decision, this court concludes that his decision was based on substantial evidence presented from all sources available to the ALJ at the time.

As in the other portions of her brief, it is actually Plaintiff who failed to develop an argument or delineate specific facts which lead her to believe such a claim. Because "an appellant abandons a claim when [s]he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority," this court concludes that Plaintiff has indeed abandoned her claim that the ALJ did not base his decision on substantial evidence. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d, 678, 681 (11th Cir. 2014).

In conclusion, because the ALJ examined the entire record, and because the Appeals Council's decision to deny review of additional materials was proper, this court finds that the ALJ met his obligation to develop a full and fair record and that substantial evidence supports his decision.

**VII.**    **Conclusion**

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and the proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed. A separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this August 18, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE